UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ARISTA RECORDS, INC., ATLANTIC RECORDING
CORPORATION, CAPITOL RECORDS, INC., SONY-BMG
MUSIC ENTERTAINMENT INC., VIRGIN ENTERPRISES
LIMITED, WARNER BROS. ENTERTAINMENT INC.,
ZOMBA CORPORATION,

                        Plaintiffs,

                v.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
05-CV-3634 (DLI)(MDG)

DALABA COLOR COPY CENTER, INC., BAILO
ANZOUMA, BARRY'S BEAUTY SUPPLIES, INC.,
BARRY BOUBACAR, A & B COLOR COPY, A & D
DISCOUNT PHONE CARDS, AFRICAN COLOR COPY
CENTER, INC., MORIBA DIARA, AWA COPY CENTER,
B & B MEDIA SUPPLIES, MAGIC SOUND MEDIA,
BOBY EXPRESS OF NEW YORK, INC., MODUE
MBACKE, AND VARIOUS JOHN AND JANE DOES,

                        Defendants.
-------------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      This motion to intervene by Konica Minolta Business Solutions ("KMBS") arises out of a trademark infringement action brought by Arista Records, Inc. and various other record companies against the defendants, including Magic Sound Media. Plaintiffs opposed KMBS' motion to intervene. By order dated June 19, 2006, this Court referred the motion to intervene to U.S. Magistrate Judge Marilyn Go ("Judge Go"or "Magistrate Judge") who issued a Report and Recommendation ("R&R") dated August 18, 2006, recommending that the Court grant KMBS' motion to intervene.[1] On September 7, 2006, plaintiffs filed what purports to be a "Response/Objection to Magistrate Judge's Report and Recommendation," setting forth plaintiffs'

---

[1] Familiarity with Judge Go's R&R is assumed.

"understanding" of Judge Go's R&R. *See* Doc. 68. Plaintiffs further state that "to the extent the Court interprets Magistrate Judge Go's recommendation otherwise, Plaintiffs hereby oppose." *See id.* On September 18, 2006, KMBS filed a response to plaintiff's submission arguing that plaintiff did not file any objection to the R&R as required under Fed. R. Civ. P. 72(b). No objections were filed by defendants. For the reasons set forth below, Judge Go's R&R is adopted in full and the motion to intervene is granted.

Pursuant to Fed. R. Civ. P. 72(b), "within 10 days after being served with a copy of the recommended disposition, a party may serve and file *specific* [emphasis added], written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Failing to file "specific" or adequate objections to a magistrate judge's report and recommendation "operates as a waiver of further judicial review of the [magistrate judge's] decision." *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.* 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); *see also Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"); *McMillan v. New York City Campaign Fin. Bd.*, No. 05 Civ. 8427, 2006 WL 1495272, * 1 (S.D.N.Y. June 1, 2006) ("An objection which is devoid of any reference to specific findings or recommendations and is unsupported by legal authority does not preserve the claim." (internal citations and quotation marks omitted)).

Here, plaintiffs have failed to file "specific" objections as required under Fed. R. Civ. P. 72(b). Plaintiffs merely state their "understanding" and/or "interpretation" of Judge Go's R&R. *See* Doc 68. Plaintiffs further state that "to the extent the Court interprets Magistrate Judge Go's recommendation otherwise, Plaintiffs hereby oppose." *See id* at 2. Plaintiffs do not reference any

"specific" finding or issue addressed in Judge Go's R&R. Moreover, plaintiffs do not cite to any legal authority for their objection to an "interpretation" of a Magistrate Judge's R&R. Finally, for clarification, this is a motion to intervene and not a dispositive motion on the merits; thus, the relief granted is to allow KMBS to intervene in this action and assert its rights. Accordingly, this Court finds that plaintiffs' September 7, 2006 filing does not constitute an adequate objection and constitutes a waiver of further judicial review of Judge Go's R&R. *See id.*

Upon due consideration, the Report and Recommendation is hereby adopted in full. It is hereby ORDERED that KMBS' motion to intervene is GRANTED. The Clerk of the Court is directed to amend the caption to include KMBS as an intervenor.

SO ORDERED.

Dated: Brooklyn, New York
      March 7, 2007

/s/
Dora L. Irizarry
United States District Judge