```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

---------------------X

ARISTA RECORDS, INC., ATLANTIC RECORDING
CORPORATION, CAPITAL RECORDS, INC.,
SONY-BMG MUSIC ENTERTAINMENT INC.,
VIRGIN ENTERPRISES LIMITED, WARNER BROS.    REPORT AND
ENTERTAINMENT INC., ZOMBA CORPORATION,      RECOMMENDATION

                        Plaintiffs,    CV 05-3634 (DLI)(MDG)

            - against -

DALABA COLOR COPY CENTER, INC., BAILO
ANZOUMA, BARRY'S BEAUTY SUPPLIES, INC.,
BARRY BOUBACAR, A & B COLOR COPY, A & D
DISCOUNT PHONE CARDS, AFRICAN COLOR COPY
CENTER, INC., MORIBA DIARA, AWA COPY
CENTER, B & B MEDIA SUPPLIES, MAGIC
SOUND MEDIA, BOBY EXPRESS OF NEW YORK,
INC., MODUE MBACKE, AND VARIOUS JOHN AND
JANE DOES,

                        Defendants.

---------------------X

GO, United States Magistrate Judge:

    Plaintiffs Arista Records, Inc., et al. ("plaintiffs") brought this action against defendants Dalaba Color Copy Center, Inc., Bailo Anzouma, Barry's Beauty Supplies, Inc. ("BBS"), Barry Boubacar ("Boubacar"), A & B Color Copy, A & D Discount Phone Cards, African Color Copy Center, Inc., Moriba Diara, AWA Copy Center, B & B Media Supplies, Magic Sound Media, Boby Express of New York, Inc., Modue Mbacke,[1] and various John and Jane Does

---

[1] Plaintiffs discontinued this action against Bailo Anzouma, Moriba Diara, Modue Mbacke, A & B Color Copy and AWA Copy Center. See ct. doc. 95.

alleging trademark counterfeiting and infringement in violation of 15 U.S.C §§ 1114, et seq., false designation of origin in violation of 15 U.S.C. § 1125(a), trademark dilution in violation of 15 U.S.C. § 1125(c), and related violations of state law.  By letter dated January 22, 2008, Thomas A. Canova, counsel for plaintiffs, seeks entry of default against defendants Barry Boubacar and BBS (collectively "the Boubacar defendants") for their failure to participate in this action and comply with this Court's orders.  Since I have determined that the sanction of default is appropriate, I am addressing plaintiffs' application in a report and recommendation to the Court for consideration under Fed. R. Civ. P. 72(b).  See, e.g., Steele v. Costco Wholesale Corp., No. 03CIV0713, 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005); Zises v. Dep't of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

BACKGROUND

The Boubacar defendants filed an answer to the complaint on January 12, 2006.  See ct. doc. 27.

At a conference held on December 1, 2006, counsel for the parties notified me that plaintiffs and the Boubacar defendants had entered into preliminary settlement discussions.  See minute entry dated December 1, 2006.  However, at a further conference held on February 1, 2007, counsel for the Boubacar defendants, Gil Santamarina, advised of his intention to seek leave to withdraw.  See minute entry dated January 11, 2007.  By motion dated February

9, 2007, Mr. Santamarina requested leave to withdraw as counsel for the Boubacar defendants because Mr. Boubacar failed to respond to his phone calls and correspondence. See Affirmation of Gil Santamarina dated February 9, 2007 (ct. doc. 75) at ¶ 2.

I set a return date of March 14, 2007 and directed Mr. Santamarina to advise his clients of the date of the hearing and to warn his clients that corporate defendants must appear in federal court through counsel. See minute entry dated February 21, 2007. When the Boubacar defendants failed to appear at the March 15, 2007 motion hearing, I directed Mr. Santamarina to call and write Mr. Boubacar that this Court would decide the motion in one week and that any opposition must be promptly filed. See minute entry dated March 14, 2007. Shortly thereafter, Mr. Santamarina advised this Court that he spoke with Mr. Boubacar and requested that his motion to withdraw be held in abeyance. See Scheduling Order dated June 5, 2007.

Settlement discussions between plaintiffs and the Boubacar defendants resumed and continued for several months. However, at a conference held on July 30, 2007, plaintiffs' counsel advised the Court that those settlement discussions came to a halt. See minute entry dated July 30, 2007. Mr. Santamarina later called to request that his motion to withdraw be reinstated. Id. I required Mr. Santamarina to submit supplemental papers and scheduled a further motion hearing for September 28, 2007. Id.

At the motion hearing, the Boubacar defendants again failed to appear and by separate order dated September 28, 2007, this

Court granted Mr. Santamarina's motion to withdraw.  See ct. doc. 86.  In the September 28 order, this Court warned the Boubacar defendants that failure to appear at scheduled court conferences would subject them to sanctions, including entry of default against them.  Id.  I further advised BBS that corporations must appear through counsel in federal court proceedings.  Id.  The Boubacar defendants failed to appear at the next conference held on November 6, 2007.  See minute entry dated November 6, 2007. Accordingly, by order dated November 7, 2007, I jointly sanctioned the Boubacar defendants $200 payable to plaintiffs' counsel and required them to submit a report explaining why they failed to appear for the conference and comply with the prior order.  See ct. doc. 91.  I further warned that their failure to comply with this Court's orders could result in a recommendation that their answers be stricken and default be entered against them.  The Boubacar defendants neither submitted the report nor paid the sanctions.

DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure confers on courts the discretion to enter default judgment against a party for failure to "plead or otherwise defend."  Fed. R. Civ. P. 55(a).  While recognizing that defaults "play a constructive role in maintaining the orderly and efficient administration of justice," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), the Second Circuit generally disfavors defaults because of

its strong preference for resolving trials on the merits. See, e.g., Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Enron, 10 F.3d at 95. Dispositions of default judgments are left to the sound discretion of the district court. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 (2d Cir. 2004).

To date, new counsel has not entered a notice of appearance on behalf of BBS nor has BBS contacted the court or plaintiff. As this Court has repeatedly advised, a corporation may not appear in federal court except through licensed counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Thus, default may be entered against BBS. See id.; see also Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568-69 (2d Cir. 2000).

In addition, despite repeated stern warnings, Mr. Boubacar has failed to attend court conferences and failed to pay the monetary sanction imposed. His failure to communicate with his counsel prompted Mr. Santamarina to seek leave to withdraw and unduly delayed this case. Under these circumstances, this Court concludes that no sanction short of entering default would suffice at this point. See Stirrat v. Ace Audio/Visual, Inc., No. 02 CV 2842, 2004 WL 2212096, at *3 (E.D.N.Y. Sept. 24, 2004) ("no useful purpose would be served in issuing another discovery order or in imposing fines"); Veronico v. Pastapunto, No. 98 Civ. 1154, 1999 WL 1216951, at *1 (S.D.N.Y. Dec. 17, 1999) (warning that failure

to appear for pretrial conference or "comply with court orders and procedures would constitute sufficient grounds for entry of default"). The amount of judgment will be determined at a future date.

## CONCLUSION

For the foregoing reasons, I recommend that plaintiffs' motion to strike the answer filed by the Boubacar defendants and for entry of default against them be granted.

A copy of this report and recommendation will be filed electronically and notice sent electronically or by overnight mail to the parties on this date. Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to the Honorable Dora L. Irizarry and the undersigned, by August 19, 2008. Failure to file objections within the time specified waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated: Brooklyn, New York
       July 31, 2008

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE